*James H. Rose, Ira Julian, for appellees.*

---

## S. TURNER'S EX'R *v.* THOMAS PEACOCK.

**Pleading—Sufficiency of Petition Declaring Upon Debt.**

A petition for compensation or for the value of services rendered, to be sufficient, must aver that the debt sued for is unpaid and that the compensation on account of services rendered, for which suit is brought, was rendered at the instance or upon the request of the defendant, or that he promised to pay for them.

**Pleading in Assumpsit.**

It is a rule of pleading in assumpsit that a promise must be alleged, or in lieu of it facts from which the law will imply a promise, and that a pleading is bad which can only be supported by inconclusive deductions from the facts averred.

APPEAL FROM GARRARD CIRCUIT COURT.

March 29, 1877.

OPINION BY JUDGE COFER:

There are several defects in the petition, at least two of which are fatal: 1. It is not alleged that the debt sued for is unpaid. 2. It is not alleged that the services, compensation for which is sued for, were rendered at the instance or request of the appellee, or that he promised to pay for them. The allegation is that he is indebted to the estate of the decedent in the sum of $250 for professional services rendered by said Turner for said Peacock. From anything that appears to the contrary the services may have been rendered without any intention on the part of either that they were to be paid for, and indeed they may have been rendered without the knowledge of the appellee. It is true one of the items charged for is the writing of a deed of trust to Wherrett, and counsel argues that it ought to be presumed from the fact that the appellee signed the deed that it was prepared at his request. It is not distinctly stated that the deed was executed by the appellee. The averment is that in the year 1862 Major S. Turner drew a deed of trust for the defendant, Thomas Peacock, who was on the eve of his departure south, and that by said deed of trust Samuel Wherrett, Jr., was made the trustee of Peacock. It does not necessarily follow from this language that the deed of trust was executed by appellee.

Wherrett may have been made trustee for him by a deed executed by a third person. Indeed it is not usual for one to make a trustee for himself, though he may no doubt do so. But waiving this; it is a fundamental rule of pleading in assumpsit that a promise must be alleged or in lieu of it facts from which the law will imply a promise, and that a pleading is bad which can only be supported by inconclusive deductions from the facts stated.

The demurrer was properly sustained and the judgment is *affirmed*.

*G. W. Dunlap, for appellant.*

*George R. McKee, Burdett & Hopper, for appellee.*